## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ADAM P. POWELL,

     Petitioner,

v.                                         Case No. 8:05-cv-1393-T-17EAJ

JAMES R. MCDONOUGH[1],

     Respondent.

_____/

## ORDER

     This cause is before the court upon Petitioner Adam Powell's ("Powell") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Powell challenges his 2003 conviction entered by the Twelfth Judicial Circuit Court, Sarasota County, Florida. (Dkt. 1). Respondent has filed a response to the petition (Dkt. 15) and Powell has filed a reply thereto (Dkt. 12).

### Background

     Powell was charged by Information filed on April 2, 2003, with a sex offense against a child - victim 12 years of age up to 15 years of age.[2] Represented by retained counsel, Powell entered a "straight up" *nolo contendere* plea on September 15, 2003. (Dkt. 11, Ex. 2). On October 30, 2003, the state trial court sentenced Powell to a term of imprisonment

---

[1] In his petition, Powell names James V. Crosby, Jr., former Secretary of the Department of Corrections, as the party respondent in this case. As of the date of this order, James R. McDonough is the Secretary of the Department of Corrections. Accordingly, pursuant to Rule 25 of the Federal Rules of Civil Procedure and Rule 2 of the Rules Governing Section 2254 Cases, the Court will substitute McDonough as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a), Rules Governing Section 2254 Cases (2006).

[2] A copy of the Information was not was not filed as an exhibit in this case. This information is taken from the online docket of the Clerk of the Circuit Court, Sarasota County, Florida, at http://courtweb.co.sarasota.fl.us/crimapp/crimdetail.asp?case_id=16240079.

of nine years.  Powell did not file a direct appeal.

On June 30, 2004,[3] Powell signed his Rule 3.850 motion for post-conviction relief and presented it to prison officials for mailing on July 1, 2004.  (Dkt. 11, Ex. 3).  In his motion, Powell raised three claims of ineffective assistance of counsel.  By order dated August 5, 2004, the state trial court denied grounds one and three of the motion and dismissed ground two.  (Dkt. 11, Ex. 4).  Powell appealed this denial to the state district court of appeal which per curiam affirmed the denial of the Rule 3.850 motion in Case No. 2D04-3963 on December 3, 2004.  (Dkt. 11, Ex. 5).  *See Powell v. State*, 895 So.2d 421 (Fla. 2d DCA 2004) [Table].  Powell filed a motion for rehearing (Dkt. 11, Ex. 6) which was denied by the state district court of appeal on January 28, 2005.  (Dkt. 11, Ex. 7).  The mandate issued on February 17, 2005.  (Id.).

The instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was presented to prison authorities for mailing on March 4, 2005, and received by this Court on July 26, 2005.[4]  The petition is timely.  Upon review of the record, Powell's petition must be DENIED.

### Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district

---

[3] For purposes of calculating the limitations period under the AEDPA, the Court will give Powell the benefit of the "mailbox rule" and consider his § 2254 petition and documents related thereto as "filed"on the date Powell signed and delivered them to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).  The Court will also give Powell the benefit of this rule with respect to his state court filings when calculating the limitations period under § 2244(d).

[4] This case was originally filed in the United States District Court for the Northern District of Florida and transferred to this Court.

court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell,* 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*See* 28 U.S.C. § 2254(d). *Price v. Vincent,* 538 U.S. 634, 638-39 (2003); *Clark v. Crosby,* 335 F.3d 1303, 1308 (11th Cir. 2003). "The 'contrary to' and 'unreasonable application' clauses of § 2254(d)(1) are separate bases for reviewing a state court's decisions." *Putnam v. Head,* 268 F.3d 1223, 1241 (11th Cir. 2001) (citing *Williams v. Taylor,* 529 U.S. 362, 404-05 (2000)). A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case. *See Jones v. McDonough,* 2007 WL 174442 at *1 (11th Cir., Jan. 24, 2007); *Putnam,* 268 F.3d at 1241. A state court makes an "unreasonable application" of clearly established federal law

3

if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of a petitioner's case, or unreasonably extends or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context. *See id.* "[A] federal habeas court may not issue the writ under the reasonable application clause simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411. An "unreasonable application" is an "objectively unreasonable" application." *Putnam*, 268 F.3d at 1241.

State courts need not explain their merits rulings to qualify for deference under the AEDPA. *Jones*, 2007 WL 174442 at *2. Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dep't of Corrs.*, 278 F.3d 1245, 1255  (11th Cir. 2002) ("[T]he statutory language [in § 2254(d)(1)] focuses on the result, not the reasoning that led to the result, and nothing in that language requires the state court adjudication that has resulted in a decision to be accompanied by an opinion that explains the state court's rationale). "All that is required under § 2254(d)(1) is an adjudication on the merits, not a full state court opinion." *Parker v. Secy for the Dep't of Corr.*, 331 F.3d 764, 776 (11th Cir. 2003). "Even a summary, unexplicated rejection of a federal claim qualifies as an adjudication entitled to deference under § 2254(d)(1)." *Herring v. Sec'y for the Dep't of Corr.*, 397 F.3d 1338, 1347 (11th Cir. 2005). Finally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

Since Powell's conviction was entered after the AEDPA was enacted, his petition is subject to the provisions thereof. Because a state court initially considered the issues raised in the petition, § 2254(d) governs the review of Powell's claim. *See Mobley v. Head,* 267 F.3d 1312, 1316 (11th Cir. 2001).

## Standard for Ineffective Assistance of Counsel Claims

In each of the grounds for relief presented in the instant petition, Powell asserts that his right to effective assistance of counsel was violated. The Sixth Amendment protects a defendant's right to the effective assistance of counsel during criminal proceedings against him. To prevail on a claim of ineffective assistance of counsel in the context of a *nolo contendere* plea, Powell must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Hill v. Lockhart*, 474 U.S. 52 (1985); *Jones v. McDonough*, 2006 WL 1460268 at *4 (M.D. Fla., May 23, 2006); *Henderson v. Singletary*, 837 F.Supp. 1176, 1178 (M.D. Fla. 1993) (the *Strickland* test is equally applicable to a plea of *nolo contendere* based on ineffective assistance of counsel) (citations omitted). First, he must demonstrate that his attorney's "representation fell below an objective standard of reasonableness" considering the circumstances as they existed at the time of representation. *Id.* at 687-88. This requires him to overcome a strong presumption that his attorney's performance was within the range of competence demanded of attorneys defending criminal cases. *Id.* at 689. Second, even if Powell can show that counsel performed incompetently, he must also show there is a reasonable probability that, but for counsel's errors, he would not have pleaded *nolo contendere* and would have insisted on proceeding to trial. *See Hill*, 474 U.S. at 59. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome of the proceedings. *Id.* at 694.

5

In assessing a lawyer's performance, "[c]ourts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001). "The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." *Van Poyck v. Fla. Dept. of Corrections,* 290 F.3d 1318, 1322 (11th Cir. 2002) *(citing Chandler*, 218 F.3d at 1315). Counsel's trial strategy cannot be second guessed, as "judicial scrutiny of counsel's performance must be highly deferential." *Chandler,* 218 F.3d at 1314 (*quoting Strickland,* 466 U.S. at 689). Tactical decisions within the range of reasonable professional competence are not subject to collateral attack, unless a decision was so "patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright,* 709 F.2d 1443, 1445 (11th Cir. 1983). Moreover, where the record is incomplete or unclear about counsel's actions, it is presumed that counsel exercised reasonable professional judgment. As counsel's trial strategy is presumptively reasonable, the determination is not "that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not do a specific act." Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." *Chandler,* 218 F.3d at 1314-15.

## Discussion

### Ground One

Powell presents two claims of ineffective assistance of counsel. First, he contends that his attorney was ineffective because he advised Powell to enter a plea with the

6

Case 8:05-cv-01393-EAK-EAJ   Document 15   Filed 05/08/07   Page 7 of 17 PageID 114

assurance that Powell would receive a sentence of five years supervised probation. Powell alleges that because he ultimately received a sentence of nine years imprisonment, his attorney was deficient in misadvising him that he would receive a probationary term or a "non-incarcerative" sentence. In his second claim, Powell alleges that when it became apparent that "the sentencing court did not intend to impose a probationary term, but one of extended imprisonment, it became counsel's professional duty to advise [Powell] of his right to withdraw his plea" and proceed to trial.

A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea.[5] *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992). However, the plea does not bar the collateral review of ineffective assistance of counsel claims to the extent that the alleged ineffectiveness bears upon the voluntariness of the guilty plea. *See Hill*, 474 U.S. at 53-59; *Stano V. Dugger*, 921 F.2d 1125, 1150-51 (11th Cir. 1991) ("The Court allows only challenges to the voluntary and intelligent entry of the plea if a convicted defendant can prove "serious derelictions in his counsel's advice regarding the plea.") (citation omitted). To the extent that Powell's claims can be considered to bear upon the voluntariness of his plea, the claims were not waived by entry of that plea.

Powell presented these claims to the state trial court in his Rule 3.850 motion. (Dkt. 11, Ex. 3).[6] The state trial court denied the motion for post-conviction relief. Powell

---

[5] Because a plea of *nolo contendere* is treated as an admission of guilt, *Hudson v. United States*, 272 U.S. 451 (1926), "the law applicable to a guilty plea is also applicable to a plea of *nolo contendere*." *Carter v. Collins*, 918 F.2d 1198, 1200 n. 1 (5th Cir. 1990) (citations omitted).

[6] Powell presents the identical claims and supporting facts in the instant § 2254 petition as he presented in his Rule 3.850 motion.

appealed the state trial court's adverse decision which was affirmed by the state district court of appeal. (Dkt. 13, Ex. 14). Thus, the claims were exhausted and are properly before the Court in the instant petition. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (Florida state remedies are exhausted after appeal to the district court of appeal from denial of a collateral attack upon a conviction).

The state trial court denied these claims (designated as issues 1 and 3 of ground 1of the Rule 3.850 motion) in its written order rendered on August 5, 2004. Specifically, the state trial court held as follows:

1. The Defendant was denied the effective assistance of counsel by counsel's misadvice regarding sentence.

The Defendant contends counsel induced him to enter his plea when he advised him that the court' sentence would not include incarceration, but rather he would receive five years probation. The Defendant contends that his attorney did not ensure that his plea was voluntary and intelligent.

The Defendant's Motion is denied. The trial court conducted an extensive plea colloquy with the Defendant in the instant case. (See attached copy of transcript, pp. 1-11). During the plea colloquy, the court specifically advised the Defendant that any sentence was up to the court and that he could not rely on anyone else's promise as to sentence. (See page 6, lines 12-18, and page 7, 6-19). As a result, the Defendant's claim is conclusively refuted by the record. See State v. Leroux, 689 So.2d 235, 238 (Fla. 1996) (Holding that defendant who is informed by court during plea colloquy that he may have to serve every day of ten year sentence could hardly reasonably rely on counsel's advice to the contrary).

. . .

3. The Defendant was denied the effective assistance of counsel by counsel's failure to advise the Defendant of a motion to withdraw plea.

The Defendant claims counsel failed to advise the Defendant, after he was sentenced, to his right to file a motion to withdraw his plea because the sentence was not that contemplated at the time of the Defendant's plea.

The Defendant's Motion is denied for the same reasons given under ground one of this order.

(Dkt. 11, Ex. 4). Thus, to establish that he is entitled to relief on these claims, Powell must show that the state trial court incorrectly applied the *Strickland* standard in reaching its determination that the claims lack merit.[7] He has not made this showing.

The record supports the state trial court's finding and Powell does not argue to the contrary. During the plea colloquy, the following exchange took place:

MR. LEVKOFF:[8]    I have Adam Powell.  Your Honor, before the Court is Adam Powell in case 03-CF-5109.  At this time Mr. Powell is going to withdraw his previously entered plea and enter a plea of not guilty and enter a plea of [sic] no contest to the charge of – it's going to be a straight-up plea, your Honor.  I've discussed this with the State Attorney and asked for a PSI and a sentencing hearing.

THE COURT:    All right.  Mr. Powell, raise your right hand.

(THE DEFENDANT WAS DULY SWORN.)

THE COURT:    Put your hand down now.  Did you just hear what your lawyer said?

THE DEFENDANT:    Yes, sir.

THE COURT:    Did you understand it?

THE DEFENDANT:    Yes, sir.

THE COURT:    Do you agree with it?

THE DEFENDANT:    Yes, sir.

---

[7] Although the state trial court did not identify *Strickland* as the controlling Supreme Court precedent for evaluating claims of ineffective assistance of counsel, a state court does not have to cite such precedent or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. *See Grossman v. Crosby*, 359 F.Supp.2d 1233, 1250 (M.D. Fla., Jan. 31, 2005) (citing *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002); *Mitchell v. Esparaza*, 540 U.S. 12, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003); *Parker v. Sec'y of Dep't of Corr.*, 331 F.3d 764, 775-76 (11th Cir. 2003)).  Thus, because *Strickland* is the governing precedent for these claims of ineffective assistance of counsel, Powell must demonstrate that the state trial court's decision was contrary to or involved an unreasonable application of *Strickland* in order to be entitled to federal habeas relief.

[8] Powell was represented at his change of plea by attorney Jeffrey Levkoff.

9

THE COURT:        Did you read and understand this waiver of rights form here?

THE DEFENDANT:    Yes, I did, sir.

THE COURT:        Do you read and understand English?

THE DEFENDANT:    Yes, sir.

THE COURT:        Do you understand today that you're giving up important constitutional rights?

THE DEFENDANT:    Yes, sir.

THE COURT:        These include the right to have a trial by jury, a trial to present defenses to the charges, the right to have your lawyer's help at the trial, the right to testify or not testify and not have the silence held against you, the right to bring in witnesses to support your side of the case and to question the witnesses against you, and the right to have the State prove a case against you beyond a reasonable doubt. Is it okay to give up those rights?

THE DEFENDANT:    Yes, sir.

THE COURT:        Today are you under the influences of drugs or alcohol?

THE DEFENDANT:    No, sir.

THE COURT:        Are you taking any medication?

THE DEFENDANT:    No, sir.

THE COURT:        Been treated for any mental illness?

THE DEFENDANT:    No, sir.

THE COURT:        Have you been pressured in any way to enter a plea?

THE DEFENDANT:    No, sir.

THE COURT:        Has anyone promised you anything in regard to a sentence here of what you may or may not receive?

THE DEFENDANT:    No, sir.

THE COURT:                   All right. Are you satisfied with the work of your lawyer?

THE DEFENDANT:               Yes, I am, sir.

THE COURT:                   Is there anything that Mr. Levkoff has not done that you wanted him to do?

THE DEFENDANT:               No, sir.

THE COURT:                   Today by entering your plea you are giving up the opportunity to have your lawyer more thoroughly investigate the case, talk to witnesses, file motions, develop defenses, do legal research and the sort of things he typically does to help his clients out. Is it okay to give up those rights?

THE DEFENDANT:               Yes, sir.

THE COURT:                   All right. Could you give us a factual basis, Ms. Darby?

MS. DARBY:[9]                 That [sic] State is prepared to prove that in Sarasota County within the months of January and September of 2002, the Defendant engaged in a sexual relationship with the victim in this case whose initials are T.D. At the time she was 15 years of age. The Defendant at that time was 20 years of age.

                             During this time period the victim became pregnant by the defendant and she gave birth to a child in June of 2002. That child is the Defendant's child also. The Defendant gave a taped statement in January of 2003 to a detective, post-Miranda, and stated he admitted that he had a sexual relationship with a 15-year-old and that he was the father of this child.

THE COURT:                   All right. Mr. Powell, I don't know anything about you here. And so I need to talk to you a few minutes about what it means to enter a straight-up plea. That means there's no deal on the table or any promise made in regard to a sentence. Do you understand that?

THE DEFENDANT:               Yes, sir.

---

[9] The State was represented at the plea hearing by Assistant State Attorney Kate Darby.

THE COURT:                    You're pleading, is it no contest?

MR. LEVKOFF:                  Yes.

THE COURT:                    Are you pleading guilty?  Pleading guilty to the charge
                              of lewd and lascivious battery? That is a second degree
                              felony in Florida punishable by up to 15 years in the
                              State prison. Do you know that?

THE DEFENDANT:                Yes, sir.

THE COURT:                    Okay.   Now, this is what we used to call throwing
                              yourself on the mercy of the Court. I'm going to order a
                              presentence investigation.  That's a report conducted
                              into your background by the Department of Corrections.
                              We'll have a sentencing hearing in roughly a month, at
                              which time I'll hear from your attorney. I'll hear from the
                              State.   And I will make up my mind as to what the
                              sentence will be.   The important thing for you to
                              understand is as I sit here today I have no idea what the
                              sentence is going to be. I know by law it cannot exceed
                              15 years in State prison because that's the maximum
                              sentence. I don't know whether you deserve 15 years
                              in State prison or whether you deserve probation,
                              whether you deserve some jail time plus probation. So
                              I really don't have in my mind anything other than I have
                              to keep an open mind and see what's going to happen
                              at the sentencing hearing.  But from your standpoint
                              you're taking a chance that a judge could sentence you
                              up to 15 years in State prison. If that were to happen,
                              you would be stuck with it and wouldn't be able to
                              complain about it, because that would be a legal
                              sentence because it doesn't exceed 15 years. Are you
                              willing to enter your plea without there being any
                              guarantee, promises, or assurances of any type as to
                              the sentence?

THE DEFENDANT:                Yes, sir.

THE COURT:                    Do you understand there's a possibility you could
                              receive jail time not to exceed 15 years in this case?

THE DEFENDANT:                Yes, I do.

THE COURT:                    You're entering this plea with the understanding that no

                                        12

|               | one has made any promises to you in regard to a sentence; is that right? |
|---|---|
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | If somebody has made a promise to you in regard to a sentence, they're incorrect because I'm the person who will do the sentencing. And I can tell you as I sit here, I don't know what will be fair in your case. But I will look at the presentence investigation. And I will listen to your attorney and any witnesses you wish to present in support of your situation, and also the State and the victim and all of that, and I will make up my mind. But you shouldn't go into this thinking you got a particular sentence coming to you because I can't predict what it's going to be except that I cannot exceed the legal limit. Are you willing to enter your plea under all those conditions? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | At this time I'm going to accept your plea, find it freely, voluntarily, and intelligently entered. Find there is a factual basis. Find the Defendant's alert, intelligent and aware of his rights that he's giving up by his plea, and that he had [sic] been informed by the Court that there's no guarantee as to sentence except that it cannot and would not exceed the maximum 15 years in State prison. But he is to get the benefit of a presentence investigation and a sentencing hearing before the Court makes up its mind. |
|               | Now, I will tell you that when you are sentenced you will have 30 days from that date to take an appeal. And if you're not a US [sic] citizen your plea could get you deported. |

(Dkt. 11, Ex. 2).

The record supports the state trial court's finding that Powell was advised that any

sentence was up to the court and that he could not rely on anyone else's promise as to

sentence. A review of the plea colloquy clearly demonstrates that Powell was aware that

13

he faced a possible sentence of fifteen years incarceration. He averred that he was willing to enter his plea without any guarantee or assurance as to what his sentence would be and that no one had made him any promises in regard to a sentence. Powell had an opportunity to address the state trial court in the course of the plea colloquy but made no mention of any agreed upon or promised sentence by his attorney and chose to proceed with his plea. He has not presented any evidence that he did not want to proceed with his plea or that he wanted to withdraw his plea. The imposition of a sentence greater than that expected by Powell, or predicted by counsel, standing alone, is not an adequate ground for setting aside a conviction. *See Martin v. McDonough*, 2006 WL 2245406 at *7 (M.D. Fla., Aug. 4, 2006) (citations omitted). Moreover, trial counsel's failure to accurately predict the sentence the trial court will impose is not deficient performance. *See id.* (citing *Green v. Zant*, 738 F.2d 1529, 1536 (11th Cir.), *cert. denied*, 469 U.S. 1098 (1984).

Powell has not made any showing that in the absence of the alleged assurance as to a probationary sentence by his attorney that he would not have entered a plea and insisted on proceeding to trial. Furthermore, he has not presented any objective evidence, aside from his own conclusory statement, that but for counsel's alleged failure to advise him of any right he may have had to withdraw his plea, that he would not have persisted in his plea and proceeded to trial. Powell's conclusory, after-the-fact statements that he would not have pled guilty do not meet this requirement. *See Dixon v. McDonough*, 2006 WL 3390327 at *7 (N.D. Fla., Nov. 22, 2006). In the absence of an allegation of prejudice, a claim of ineffective assistance of counsel cannot succeed because it does not satisfy the requirements of *Strickland*. Powell has failed to establish that the state trial court's denial of these claims was contrary to or an unreasonable application of the *Strickland* standard

14

or resulted in a decision that is based on an unreasonable determination of the facts. *See*

28 U.S.C. § 2254(d).  Thus, relief on Ground One of the instant petition will be denied.

**Ground Two**

In his second ground for relief, Powell contends that his "plea was based solely on

counsel's misadvice as to the expected sentence" and therefore his plea should be

"construed as involuntary."  He alleges that "[h]ad counsel correctly advised [him] that the

sentencing court was not bound by prior negotiations and that the sentence may exceed

that contemplated, [he] would not have entered a plea."  He asserts that this misadvice by

counsel violated his due process rights.

As discussed in Ground One, *supra*, to the extent this claim can be considered as

one of ineffective assistance of counsel, it is meritless.  To the extent that Powell attempts

to present the allegations asserted in Ground Two as a substantive due process claim

related to the voluntariness of his plea, he is not entitled to relief.  A reviewing federal court

"may set aside a state court guilty plea only for failure to satisfy due process.  If a

defendant understands the charges against him, understands the consequences of a guilty

plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea

... will be upheld on federal review." *See Mosby v. Sec'y, Dep't of Corr.*, 2006 WL 845159

at *1 (M.D. Fla., Mar. 30, 2006) (citing *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir.

1991)).  Powell does not provide any factual support for this claim in either his § 2254

petition or his reply to Respondent's response.  Moreover, the record belies Powell's

contentions.  Powell stated to the court at the plea hearing that he wished to plead guilty

of his own free will, that no one had pressured or forced him to enter the guilty plea, and

that he had not been promised anything with respect to his sentence.  The state court trial

15

judge specifically questioned Powell about his understanding of the constitutional rights that he was giving up; the nature of a "straight up" plea and that such a plea meant that there were no promises made in regard to a sentence; the type and length of sentence that could be imposed; whether anyone had made any representations to him about any type of sentence he would receive; whether he was satisfied with the work of his attorney; his ability to read and understand English; and whether he was under the influence of any alcohol, drugs or medication. The state trial court found Powell's plea to be made freely, voluntarily and intelligently and that he had been informed by the court that there was no guarantee as to sentence except that it would not exceed the maximum fifteen years in state prison. (Dkt. 11, Ex. 3).

Although a defendant's statements during a plea colloquy are not insurmountable, "the representations of the defendant [at a plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *See Jones v. McDonough*, 2006 WL 1460268 at *6 (M.D. Fla., May 23, 2006) (citing *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). Powell's sworn testimony at the plea hearing refutes his claim that his plea was involuntary because it was based solely on counsel's advice as to his potential sentence. Powell clearly averred that no promises had been made to him by anyone regarding his sentence. Powell has not presented any evidence to the contrary, nor has he presented sufficient facts to demonstrate that his plea was involuntarily entered. Therefore, relief with respect to this claim will be denied.

Accordingly, the Court orders:

That Powell's § 2254 petition is denied, with prejudice. The Clerk is directed to enter

16

judgment against Powell and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253©)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on *MAY 8th*_____, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Adam Powell